IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHERLON EVANS *
                              *
v.                               *       Civil No. CCB-18-1822
                              *
WARDEN, FCI CUMBERLAND *
                              *
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

*Pro se* petitioner Sherlon Evans filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF 1). The United States of America (the "government"), on behalf of respondent Warden, FCI Cumberland, filed an Answer arguing that the Petition should be denied because Evans has not met his burden of demonstrating that 28 U.S.C. § 2255 provides an inadequate or ineffective remedy. (ECF 8). Evans has responded to these arguments. (ECF 11). For the reasons explained below, the court will dismiss the § 2241 petition without prejudice.

**BACKGROUND**

Evans is a federal prisoner incarcerated at FCI Cumberland in Cumberland, Maryland. (ECF 1 at 1). In 1994, after a jury trial in the Southern District of Florida, Evans was convicted of conspiracy to possess with intent to distribute cocaine, use of firearms in the commission of a felony, possession of unregistered firearms (silencers), and intimidation of witnesses and jurors in violation of 21 U.S.C. § 846, 18 U.S.C. § 924, 26 U.S.C. § 5861, and 18 U.S.C. § 1512. (ECF 10 at 1–2). Judgment was entered in June 1995, and Evans was sentenced to a total of 684 months in the U.S. Bureau of Prisons. (ECF 1 at 11; ECF 8 at 4). On September 2, 1999, the Eleventh Circuit affirmed the criminal judgment. *See United States v. Walker*,[1] 1999 WL 721632, 194 F.3d 1322 (Table) (11th Cir. 1999).

---

[1] Byron Walker was one of Evans's co-defendants in the criminal case, Crim. No. 93-00123-CR-DTKH (S.D. Fla.).

1

Evans has a lengthy post-conviction history, which the court need not describe in full here.[2] On September 26, 2001, Evans filed his first § 2255 motion in the Southern District of Florida. (*See Evans v. United States*, Civil No. DTKH-01-4002 (S.D. Fla.)). The motion was fully briefed, and was denied on the merits by the district court on May 16, 2002. (*Id*. at ECF 24). The Eleventh Circuit dismissed the appeal on January 29, 2004. *See Evans v. United States*, 92 Fed. App'x 780 (11th Cir. 2004). On June 24, 2016, Evans filed a second § 2255 motion in the Southern District of Florida. (*See Evans v. United States*, Civil No. DTKH-16-22769 (S.D. Fla.)). That motion was dismissed as successive and unauthorized on June 29, 2016. (*Id*. at ECF 5).

Evans has also filed multiple motions for habeas relief under 28 U.S.C. § 2241, all of which have been denied. *See, e.g.*, *Evans v. United States*, No. CV CCB-16-4022, 2017 WL 3172799, at *3–4 (D. Md. July 25, 2017).

On June 19, 2018, Evans filed his most recent § 2241 petition in this court. (ECF 1). He contends that in light of the Supreme Court's decision in *Rosemond v. United States*, 572 U.S. 65 (2014), his § 924(c) sentence is fundamentally defective. In *Rosemond*, the Court held that when the government seeks a § 924(c) conviction premised on aiding and abetting liability, it must "prov[e] that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." 572 U.S. at 67. While Evans does not appear to contest that he knew his co-conspirator would possess *a* gun during the commission of the crime, he asserts that there was no evidence at trial that he knew the gun would be a *machine* gun. (ECF 1 at 11–14). This lack of

---

(ECF 10 at 1–2).
[2] For a full discussion of Evans's post-conviction history, see *Evans v. United States*, No. CV CCB-16-4022, 2017 WL 3172799, at *1–2 (D. Md. July 25, 2017), and *Evans v. United States*, No. CV CCB-16-928, 2016 WL 1377365, at *1–2 (D. Md. Apr. 6, 2016).

evidence, Evans argues, renders the thirty-year consecutive sentence—applied pursuant to § 924(c)(1)(B)(ii)—fundamentally defective in light of *Rosemond*.

## ANALYSIS

### I. 28 U.S.C. § 2241

In general, defendants convicted in federal court "are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). A defendant may, however, pursue habeas relief under § 2241 when § 2255 proves "inadequate or ineffective to test the legality of . . . detention" pursuant to the "savings clause" of § 2255. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (alteration in original); 28 U.S.C. § 2255(e).[3] The Fourth Circuit has clarified that § 2255 is "inadequate or ineffective" when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted).[4] "In evaluating substantive claims under the savings clause . . . [the court must] look to the substantive law of the circuit where a defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019).

---

[3] A § 2241 petition may also be used to attack "the execution of a sentence." *In re Vial*, 115 F.3d at 1194 n.5.

[4] The government erroneously asserts that, post *Wheeler*, "the savings clause still requires a substantive change in the law that would make a petitioner's conduct no longer criminal." (Opp'n at 5, ECF 11). In *Wheeler*, the Fourth Circuit expanded its interpretation of the savings clause of § 2255, holding that "the text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction," *Wheeler*, 886 F.3d at 428 (alterations and citation omitted), and "§ 2255(e) must provide an avenue for prisoners to test the legality of their sentences pursuant to § 2241," *id*. Accordingly, even though Evans does not argue that any change in the law renders his conduct no longer criminal, he may properly bring a § 2241 claim if he can show that § 2255 would be inadequate or ineffective to test the validity of his sentence.

3

Even assuming that Evans satisfies the first three prongs of *Wheeler*, his savings clause argument fails, as he does not show that the retroactive change of *Rosemond*[5] renders his sentence fundamentally defective. Evans was subject to the thirty-year consecutive sentence pursuant to 18 U.S.C. § 924(c)(1)(B)(ii), which provides that "[i]f the firearm possessed by a person convicted of a violation of [§ 924(c)] . . . is a machinegun or a destructive device, *or is equipped with a firearm silencer or firearm muffler*, the person shall be sentenced to a term of imprisonment of not less than 30 years." § 924(c)(1)(B)(ii) (emphasis added). Evans's petition, however, focuses only on the portion of § 924(c)(1)(B)(ii) that prescribes punishment for the use of a machine gun. Even if the court accepts Evans's argument in full—that the government did not prove Evans knew that his co-defendant would carry a machine gun, and that under *Rosemond*, without such proof of knowledge, Evans cannot be held responsible for the machine gun—for the reasons explained below, his thirty-year sentence would still be mandated by § 924(c)(1)(B)(ii).

Evans was subject to the mandatory thirty-year consecutive sentence for his conviction on Count Two of the Second Superseding Indictment, "Use of Firearms, Including a Machine Gun and Silencers During and in Relation to a Drug Trafficking Crime." (ECF 10 at 1). He devotes much of his petition to explaining that the "machine gun" was actually a semiautomatic weapon that, for some unknown reason, fired as an automatic. (ECF 1 at 14). While Evans asserts that there was no evidence at trial that he knew about the firearm's *characteristics*, he does not argue that he was unaware of the firearm's *presence*. He thus does not appear to challenge his baseline § 924(c) conviction; rather, he contends he was not eligible for the 30-year penalty reserved for § 924(c) offenders found to possess machine guns or silencers. But Evans

---

[5] The Eleventh Circuit recently held that *Rosemond* announced a new substantive rule that applies retroactively on collateral review. *Steiner v. United States,* 940 F.3d 1282, 1290 (11th Cir. 2019).

4

does not argue that the government failed to meet its burden of proof related to the silencers. Indeed, Evans acknowledges that he was convicted on a separate count for possession of silencers. (ECF 1 at 2; *see also* ECF 10 at 2). Under § 924(c)(1)(B)(ii), possession of silencers in relation to a drug trafficking crime mandates the 30-year consecutive sentence. Accordingly, Evans fails to demonstrate that his sentence is fundamentally defective and thus cannot proceed under § 2241.

## II. 28 U.S.C. § 2255

Even if the court construes Evans's petition as one brought under § 2255, he is not entitled to relief. Evans previously filed a § 2255 motion, which was dismissed on the merits by a Florida federal district court. The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in relevant part, that:

> A second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Evans has provided no evidence that he has secured this necessary authorization from the Eleventh Circuit, which must first enter an order authorizing the successive filing before Evans may proceed under § 2255. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996).[6]

---

[6] Pursuant to this court's July 25, 2017, Memorandum and Order dismissing Evans's prior § 2241 petition, the Clerk provided Evans with the packet of instructions promulgated by the Eleventh Circuit, which addresses the procedure to be followed in order to seek authorization to file a successive § 2255 motion. The court assumes Evans still possesses these instructions.

5

**III. Certificate of Appealability**

Evans has no absolute entitlement to appeal the dismissal of his § 2241 petition. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* at § 2253(c)(2). Evans "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)); *see also Buck v. Davis*, 137 S. Ct. 759, 773–74 (2017). The court declines to issue a certificate of appealability because Evans has not made the requisite showing.

**CONCLUSION**

For the foregoing reasons, the court will dismiss Evans's habeas petition without prejudice. A separate order follows.

 4/13/20                                                  /S/
Date                                                    Catherine C. Blake
                                                         United States District Judge